IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MURRAY A. POWELL,<br><br>Plaintiff,<br><br>vs.<br><br>CARNIVAL CRUISE LINES and DOES 1 through 50,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. CV-F-05-1238 REC DLB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND, DENYING DEFENDANT'S MOTION TO DISMISS, AND TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION. (Docs. 4 & 10) |

On November 7, 2005, the Court heard Plaintiff Murray A. Powell's motion to remand and a motion to dismiss by Defendant Carnival Corporation ("Carnival"), sued as Carnival Cruise Lines. Upon due consideration of the written and oral arguments of the parties and the record herein, the Court DENIES Plaintiff's motion, DENIES Defendant's motion, and TRANSFERS the action to the Southern District of Florida.

**I. Background**

Plaintiff, an 81-year-old resident of Tehachapi, California, proceeding *pro per*, is an experienced traveler who has been going on cruises for 35 years. He booked a Carnival cruise through a

travel agent in Bakersfield, California. Carnival is a Panama corporation with its principal place of business in Florida.

On October 6, 2004, Carnival sent the travel agent Plaintiff's cruise ticket, which contained the passenger ticket contract (the "Contract") pertaining to the cruise. The Contract contained a forum-selection clause in paragraph 15 on page 10:

> It is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country.

Blanco Decl. Ex. 2 at 11. Plaintiff claims he did not read the Contract before or during the cruise.

On November 14, 2004, Plaintiff embarked on the seven-day Western Caribbean cruise on Carnival's passenger cruise ship Elation. Plaintiff alleges that he fell on the first day of the cruise and suffered a hip injury. Since then he has only been able to walk short distances with difficulty and has at times been confined to a wheelchair. Plaintiff's doctor, Mark A. Pesche, wrote a letter stating, "Mr. Powell is unable to travel due to right hip pain." Opp'n to Mot. to Dismiss at 4.

On August 18, 2005, Plaintiff filed a lawsuit in the Superior Court of California, County of Kern (the "Superior

Court") to recover for injuries he suffered during the cruise. Powell v. Carnival Cruise Lines, No. S-1500-CV 256227 AEW (Kern County Super. Ct. Aug. 18, 2005). On September 30, 2005, Carnival filed its notice of removal with this court. Carnival filed a motion to dismiss on October 5, 2005. On October 19, 2005, Plaintiff filed a document opposing the motion to dismiss.

Also on October 19, 2005, Plaintiff filed a document entitled "Notice of Filing Notice of Removal." The Court deemed that document to be a motion to remand. Carnival filed its opposition to the motion to remand on November 1, 2005.

**II. Discussion**

**A. Plaintiff's Motion to Remand**

Plaintiff asks the Court to return this case to Bakersfield because the location of the court there is more convenient for him. The Court construes this request as a motion to remand. A district court may remand a case to state court for lack of subject matter jurisdiction or for a defect in removal procedure. 28 U.S.C. § 1447(c) (2000); Buchner v. FDIC, 981 F.2d 816, 819 (7th Cir. 1993); William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, California Practice Guide: Federal Procedure Before Trial § 2:1084 (The Rutter Group 2005). A district court "'exceeds its authority in remanding on grounds not permitted by [§ 1447(c)].'" Maniar v. FDIC, 979 F.2d 782, 785 (9th Cir. 1992) (quoting Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 345, 96 S. Ct. 584, 46 L. Ed. 2d 542 (1976)).

Plaintiff does not allege that Carnival's removal was

procedurally defective in any way. Nor does he claim that this Court lacks subject matter jurisdiction. His sole ground for his motion is the relative difficulty of traveling to Fresno, compared to Bakersfield, where the state court sits. Section 1447(c) does not make inconvenience for a party a ground for remand. The Court is powerless to remand on any theory not provided for in the remand statute.

Therefore, Plaintiff's motion to remand is DENIED.

**B. Carnival's Motion to Dismiss**

A federal court determining the enforceability of a forum-selection clause in a commercial cruise ticket applies federal law. See Carnival Cruise Lines v. Shute, 499 U.S. 585, 590, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991). A motion to dismiss based on a forum-selection cause is properly treated as a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). Arqueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). Accordingly, the Court need not accept the pleadings as true, as it would under a Rule 12(b)(6) analysis. Richards v. Lloyd's of London, 135 F.3d 1289, 1292 (9th Cir. 1998). Additionally, the Court may consider facts outside of the pleadings. Argueta, 87 F.3d at 324. Because a Rule 12(b)(3) motion can severely impact the plaintiff's forum choices, the trial court must "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." Murphy v. Schneider Nat'l., Inc., 349 F.3d 1224, 1229 (9th Cir. 2003). The district court has

discretion to hold an evidentiary hearing if resolving factual disputes is necessary to determine the merits of the motion. Id. at 1139. Alternatively, the district court may deny the motion with leave to refile if further development of the record reveals facts that make granting the motion appropriate. Id.

A passenger of a common carrier is contractually bound by the fine print of passenger ticket if the contract "reasonably communicate[s]" the existence of terms and conditions that affect legal rights. Deiro v. American Airlines, Inc., 816 F.2d 1360, 1364 (9th Cir. 1987) (quoting Shankles v. Costa Armatori, S.P.A., 722 F.2d 861, 863-64 (1st Cir. 1983)). Forum-selection clauses are presumptively valid and should be honored "absent some compelling and countervailing reason." Id. at 1231 (quoting The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972)). A court may refuse to enforce forum-selection clause for any of three reasons:

> (1) "if the inclusion of the clause in the agreement was the product of fraud or overreaching"; (2) "if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced"; and (3) "if enforcement would contravene a strong public policy of the forum in which suit is brought."

Murphy, 349 F.3d at 1231-32.

**1. Reasonable Communicativeness**

As a threshold matter, the Court must decide whether Carnival reasonably communicated the forum-selection clause to Plaintiff. A two-pronged analysis is appropriate that considers

(1) the physical characteristics of the ticket, such as size of type, conspicuousness and clarity of notice on the face of the ticket, and the ease with which the passenger can read the provisions in question; and (2) the circumstances surrounding the purchase and retention of the ticket, such as the passenger's familiarity with the ticket, the time and incentive to study the provisions of the ticket, and notice the passenger received outside of the ticket. Deiro, 816 F.2d at 1364 (citing Shankles, 722 F.2d at 863-64).

Plaintiff does not object to the physical characteristics of the Contract. In fact, Plaintiff concedes that other paragraphs of the Contract, paragraphs 14(a) and 17(a) are written in "plain language which anyone can read and understand." Complaint at 3. He further notes that those paragraphs are "spelled out in plain language anyone with normal intelligence can understand . . . ." Id. Paragraph 15, which includes the forum-selection clause, features the same legible typeface that is printed the same size (1/16" high) as the text of paragraphs 14(a) and 17(a). See Blanco Decl. Ex. 2 at 11. Furthermore, the first two pages of the Contract each contain warnings under the heading "IMPORTANT NOTICE TO OUR GUESTS." Blanco Decl. Ex. 2 at 1-2. Each warning states that the booklet features conditions that "CONTAIN IMPORTANT LIMITATIONS ON RIGHTS OF GUESTS TO ASSERT CLAIMS" against Carnival. Id. The warning text in both locations is 1/8" high and is printed in all capital letters in a color that contrasts with the background. Id. These physical

characteristics are sufficient to communicate the forum-selection clause to the reader. See Walker v. Carnival Cruise Lines, 63 F. Supp. 2d 1083, 1088 (finding that identical notice reasonably communicated forum-selection clause to passengers); see also Marek v. Marpan Two, Inc., 817 F.2d 242, 245-46 (3d Cir. 1987) (holding that notice printed on the front of the ticket folder cover in text 1/16" high, printed inside the cover in text 1/8" high, and printed on the bottom of the ticket in text 1/16" high was reasonably communicative).

No circumstances surrounding the receipt of the Contract indicate that its terms were not reasonably communicated to Plaintiff. Plaintiff contends that he did not learn about the forum-selection clause until after the voyage when he was researching to prepare for this lawsuit. Actual notice of the forum-selection clause provision prior to the voyage is not necessary to meet the reasonable communicativeness requirement. See Walker, 63 F. Supp. 2d at 1089 ("It is well settled that passengers need not have actually read a ticket to be bound by the terms contained therein."); Rawlins v. Clipper Cruise Lines, 1998 AMC 1254, 1995 U.S. Dist. LEXIS 21786, *8-9 (N.D. Cal. Apr. 25, 1995) (holding that Shute eliminated the need for actual notice of a forum-selection clause); Elliott v. Carnival Cruise Lines, 231 F. Supp. 2d 555, 561 (S.D. Tex. 2002) ("The passenger need not have actual notice of the contents, and his failure to read the ticket does not preclude him from being bound by its terms."). Plaintiff does not allege that he lacked the

opportunity to review the materials for some reason, such as, for example, that they were never sent or that they arrived too late. See, e.g., Walker, 63 F. Supp. 2d at 1089 ("The issue is simply whether passengers had an opportunity to read their tickets."); Barkin v. Norwegian Caribbean Lines, 1988 AMC 645, 650 (D. Mass. 1987) (noting that the proper focus is on whether plaintiff had the opportunity to read the cruise ticket contract and finding dispositive that no facts suggested that she lacked access to the ticket).

Carnival sent Plaintiff its "Welcome Aboard" brochure (the "Brochure") along with the Contract. Blanco Decl. at ¶ 16. The Contract and Brochure are also available on Carnival's Web site. Blanco Decl. at ¶ 16. The Brochure includes an entry in the table of contents called "Important Things to Know Before Sailing" which includes a bulleted entry labeled "Cruise Contract." Blanco Decl. Ex. 4 at 2. On page 8, under the large, bold heading "CONDITIONS OF CONTRACT," the Brochure makes reference to the "Important Notice to Guests" in the Contract. Blanco Decl. Ex. 4 at 3. The Brochure goes on to state: "It is important to read [the "Important Notice to Guests"] and become acquainted with the specific conditions and limitations of your passage, including time limitations and proper venue in which to file suit." Id. Along with the two references to the forum-selection clause in the Contract, this constitutes a third passage directing passengers' attention to that provision. Furthermore, before boarding the ship Plaintiff signed a "Guest

Ticket Contract Acknowledgment," which reads: "By signing below, all guests acknowledge that they have received, read and agree to the terms and conditions of the Guest Ticket Contract." Blanco Decl. Ex. 3.

Plaintiff's vast experience with cruises weighs in favor of a finding that the forum-selection clause was reasonably communicated. See Deiro, 816 F.2d at 1365 (holding that passenger's status as "an experienced commercial air traveler" was one of the "'extrinsic factors indicating the passenger's ability to become meaningfully informed of the contractual terms at stake'"). In a letter to Carnival dated November 26, 2004, Plaintiff states that he has "been on many cruises on various lines" and that he has "been cruising for 35 years." Opp'n to Mot. to Dismiss Ex. M at 11. It is not clear whether Plaintiff has traveled with Carnival before or whether other cruises he has taken required him to agree to a forum-selection clause. In any event, he is an experienced cruise traveler who should be aware of the importance of being familiar with passenger contracts.

The physical characteristics of the Contract and the circumstances surrounding purchase and retention of the ticket indicate that the forum-selection clause was reasonably communicated to Plaintiff.

**2. Fraud or Overreaching**

In his opposition, Plaintiff does not attack the validity of the forum-selection clause. In the complaint in the state suit (the "Complaint"), which he attaches to the opposition, he argues

that the forum-selection clause is fraudulent and misleading. Plaintiff claims in the Complaint that provisions of the Contract conflict in a way that misleads passengers about their litigation options. Plaintiff points to paragraph 14(a) of the Contract:

> Carnival shall not be liable for any claims whatsoever for personal injury, illness or death of the guest, unless full particulars in writing are given to Carnival within 185 days after the date of the injury, event, illness or death giving rise to the claim. Suit to recover on any such claim shall not be maintainable unless filed within one year after the date of injury, event, illness or death, and unless served on Carnival within 120 days after filing. Guest expressly waives all other potentially applicable state or federal limitations periods.

Mot. to Dismiss Ex. 2 at 10. Plaintiff also quotes paragraph 17(A), which reads:

> Carnival shall not be liable to the passenger for emotional distress, mental suffering/anguish or psychological injury of any kind under any circumstances, except when such damages were caused by the negligence of Carnival and resulted from the same passenger sustaining actual physical injury, or having been at risk of actual physical injury, or when such damages are held to be intentionally inflicted by Carnival.

Mot. to Dismiss Ex. 2 at 11. Plaintiff contends that these provisions, taken together, indicate to passengers that they have the right to sue for their injuries. He claims that this is deceptive because Carnival can invoke the forum-selection clause and the passengers "will get nothing."[1]

---

[1]Plaintiff claims that paragraph 17(b) of the Contract "takes away [passengers'] rights to sue Carnival." It appears that he has

The Court disagrees with Plaintiff's reading of paragraphs 14(a) and 17(a). They do not give a passenger an affirmative right to sue. Rather, they both function as limitations on suits against Carnival. Both passages begin with the phrase "Carnival shall not be liable" and then carve out circumstances where this bar on liability does not apply. Moreover, these passages say nothing about where a passenger may sue. Accordingly, they in no way contradict the forum-selection clause by implying that the passenger may sue Carnival in a location of choice. Thus, even reading paragraphs 14(a) and 17(a) as giving the passenger the right to sue would not be inconsistent with the forum-selection clause in paragraph 15 of the Contract, and would not render it deceptive or fraudulent.

---

misconstrued the language of 17(b) as a forum-selection clause. Paragraph 17(b) reads:

> In addition to all the restrictions and exemptions from liability provided in this Contract, Carnival shall have the benefit of all Statutes of the United States of America providing for limitation and exoneration from liability and the procedures provide [sic] thereby, including but not limited to Sections 4282, 4282A, 4283, 4284, 4285 and 4286 of the Revised Statutes of the United States of America (46 USCA Sections 182, 183, 183c(b), 183b, 184, 185 and 186); as well as all restrictions or exemptions from liability, when applicable, under the laws of any foreign nation. Nothing in this Contract is intended to nor shall it operate to limit or deprive Carnival or [sic] any such statutory limitation of or exoneration from liability under any applicable laws.

Blanco Decl. Ex. 2 at 11. The forum-selection clause actually appears in paragraph 15 of the Contract. See id.

Moreover, Carnival has good reasons to include in its contract a forum-selection clause. As the Supreme Court has noted, a cruise line has a "special interest" in controlling the fora in which claims against it can be litigated. Shute, 499 U.S. at 593. A cruise ship can carry passengers who reside in a variety of locations, which could subject the cruise line to litigation in several different fora. Id. Additionally, the forum-selection clause, by establishing beforehand the proper location of the suit, can spare the litigants, and courts, the time and expense of lengthy disputes regarding what forum is proper. Id. at 593-94. These economies in litigation can benefit passengers in the form of lower fares. Id. at 594. Carnival also has a good reason for requiring litigation in Florida: this is where its principal place of business is located. As in Shute, the Court finds here "no indication that [Carnival] set Florida as the forum in which disputes were to be resolved as a means of discouraging cruise passengers from pursuing legitimate claims." Id. at 595. Plaintiff has failed to show that Carnival has invoked the forum-selection clause fraudulently or to thwart litigation against it.

**3. Inconvenience of the Florida Forum**

Plaintiff's opposition brief contends that he cannot come to Fresno to oppose Carnival's motion. He points out that he has experienced severe pain in his hip that prevents him from walking more that short distances and sometimes confines him to a wheelchair. He does not address whether transferring the case to

Florida, as the forum-selection clause purports to require, would effectively deny him a meaningful day in court. The Court will construe Plaintiff's statements about the difficulty of travel as an argument that litigating in Florida would be prohibitively inconvenient.

A party urging the court to refuse enforcement of the forum-selection clause based on inconvenience of the chosen forum bears "the heavy burden" of showing that litigation there would be so difficult and inconvenient that enforcement would deny it a meaningful day in court. Arqueta, 87 F.3d at 325. The Ninth Circuit has addressed the degree of inconvenience of the selected forum that suffices to prevent transfer. Murphy, 362 F.3d 1133. In Murphy, plaintiff, a truck operator, was injured while picking up a load in Kentucky. Id. at 1136. He filed a lawsuit in Oregon, where he resided, and defendant filed a motion to dismiss on the grounds that a forum-selection clause called for suit in Wisconsin. Id. Plaintiff claimed that both physical disability and financial hardship made him unable to travel to Wisconsin. Id. at 1142. He provided an affidavit specifying that he had no disposable income and detailing the meager disability payments he and his wife received. Id. at 1137. Also, because of his injury he could not tolerate sitting during an auto trip to Wisconsin. Id. Resolving all disputed facts in plaintiff's favor, the court held that his "physical and financial limitations together would preclude his day in court." Id. at 1143.

The Ninth Circuit has not decided whether physical

disability alone can be sufficient to preclude a plaintiff's day in court. Other courts have held that serious physical disability does not suffice. See, e.g., Ferketich v. Carnival Cruise Lines, 2002 AMC 2956, 2002 U.S. Dist. LEXIS 20052, at *18-21 (E.D. Pa. Oct. 16, 2002) (holding that 75-year-old plaintiff's difficulty in traveling due to advanced age and lack of mobility did not establish that transfer would deprive her of her day in court); Miller v. Regency Mar. Corp., 824 F. Supp. 200, 202-03 (N.D. Fla. 1992) (holding that a letter from plaintiff's doctor stating her inability to travel to chosen forum, even if taken as true, did not render enforcing the forum-selection clause unreasonable).

Plaintiff has attached to his opposition a letter from his doctor that states that he is "unable to travel due to right hip pain." He also alleges that he can only walk short distances with a cane and would need his wheelchair to get to the court in Bakersfield. Plaintiff does not explain how these restrictions would affect his ability to litigate the case in Florida.

Plaintiff does not allege any financial difficulties that would interfere with litigation in Florida. Financial stability enables Plaintiff to obtain the means to travel to another forum and to secure any medical assistance necessary for this undertaking.

An argument that being forced to litigate in Florida denies Plaintiff his day in court is undercut by Plaintiff's own

contention that he cannot even travel to Fresno to litigate.[2] If Plaintiff is admittedly unable to litigate in the district in which he filed this lawsuit, transfer to Florida does not deny him his day in court. Even if the Court completely accepts Plaintiff's claim of disability, it appears that his injuries prevent him from traveling to the courtroom of *any* federal district judge, regardless of whether the Court enforces the forum-selection clause.

In any event, in a civil case, the plaintiff may have his "day in court" without ever setting foot in a courtroom. See Effron v. Sun Line Cruises, Inc., 67 F.3d 7, 11 (2d Cir. 1995). If this were not the case, some gravely injured or otherwise incapacitated plaintiffs could not recover for their injuries. Id. Plaintiff's physical disability does not require the Court to refuse to enforce the forum-selection clause.

**4. Waiver of the Forum-selection Clause**

Plaintiff also argues that a letter he received from Carnival makes dismissal based on the forum-selection clause inappropriate. Plaintiff quotes a passage from a letter of December 7, 2004, that he received from Senior Claims Representative Daniel J. Blanco: "Please provide us with any additional information that will assist us in evaluating your claim, so that we may resolve this amicably."[3] Opp'n to Mot. to

---

[2]Plaintiff did not appear at oral argument on these motions.

[3]Plaintiff objects vigorously to Carnival's misquotation of this sentence in its reply brief, even contending that criminal charges are in order. See Reply at 2 (". . . so that we may

Dismiss Ex. C. Plaintiff argues that this language amounts to "ABSOLUTE ACCEPTANCE OF MY CLAIM WHICH INVALIDATES THE USE OF THE FORUM SELECTION CLAUSE." Opp'n to Mot. to Dismiss at 3. It appears that Plaintiff reads Mr. Blanco's invitation to "resolve [the claim] amicably" as a waiver of Carnival's right to enforce the forum-selection clause. Mr. Blanco seems to be including the phrase "resolve this amicably" to explain why he is asking for further information. At most, it expresses his hope that litigation will not be necessary. No reasonable person would construe this statement as relinquishing any of Carnival's contractual rights.

**5. Transfer or Dismissal**

The Court finds that the forum-selection clause is valid and its enforcement is reasonable. Consequently, venue for Plaintiff's claims is only appropriate in the United States District Court for the Southern District of Florida. Rather than dismissing, a district court may, in the interest of justice, transfer a case to another district in which it could have been brought. 28 U.S.C. § 1406(a) (2000). Where a Rule 12(b)(3) motion is granted based on a forum-selection clause, transfer is more in the interest of justice than dismissal. Schwarzer, Tashima & Wagstaffe, supra, § 4:165; Davis Media Group, Inc. v. Best W. Int'l, Inc., 302 F. Supp. 2d 464, 470 (D. Md. 2004).

---

resolve this ***informally***." (emphasis added)). The substitution of "informally" for "amicably" appears to be accidental and is, in any event, irrelevant.

**ACCORDINGLY:**

1. Plaintiff's motion to remand is DENIED.
2. Defendant's motion to dismiss is DENIED.
3. The action is TRANSFERRED to the United States District Court for the Southern District of Florida, Miami Division, for further proceedings.  The clerk of this Court is requested to take all steps necessary to transfer this case.

IT IS SO ORDERED.

**Dated:  November 17, 2005**             **/s/ Robert E. Coyle**
810ha4                                    UNITED STATES DISTRICT JUDGE